Tony ANDERSON, Petitioner–
Appellant,

v.

Denise MAYLE, Warden;  Attorney
General of the State of California,
Respondents–Appellees.

No. 00–55684.

D.C. No. CV–98–02337–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001.*

Decided Aug. 2, 2001.

viewed for clear error, but must be supported by a preponderance of the evidence.'').

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Petitioner Tony Anderson, a California state prisoner, appeals the district court's denial of his habeas petition, which he filed pursuant to 28 U.S.C. § 2254. We affirm.

### 1. *Recusal of Lawyer*

Petitioner first argues that the state trial court's recusal of his first lawyer because of a potential conflict of interest, without having given Petitioner an opportunity to waive the conflict, violated his due process rights and his right to a speedy trial.

■ The Supreme Court has stated that a trial court "must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat v. United States*, 486 U.S. 153, 163, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Further, Petitioner has no constitutional right to representation by a particular court-appointed lawyer. *Morris v. Slappy*, 461 U.S. 1, 12–14, 103 S.Ct. 1610, 75 L.Ed.2d

610 (1983); *see also Wheat*, 486 U.S. at 159–60 (discussing the limitations on a defendant's right to choose a lawyer). The state trial court could, consistent with federal law, appoint a new lawyer for Petitioner because of his first lawyer's potential conflict of interest, even if Petitioner had attempted to waive the conflict.

■ Moreover, the recusal of his first lawyer did not violate Petitioner's right to a speedy trial. Whether a criminal defendant's right to a speedy trial has been violated turns on four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In this case, all factors lead to the conclusion that Petitioner was not denied his right to a speedy trial. The delay was minimal. The reason for it was to permit Petitioner's newly appointed lawyer to prepare for trial. Petitioner consented to the delay so long as it was not "months and months and months more"—which it was not. Finally, Petitioner has not established that the delay prejudiced him and, contrary to his assertion, prejudice is not presumed. *See id.* at 532–33 (discussing the different types of prejudice that may occur as a result of a delayed trial, but recognizing that prejudice must be assessed on a case-by-case basis).

### 2. *Prosecutorial Misconduct*

■ Petitioner next argues that he should be granted a new trial because of prosecutorial misconduct. Even assuming that the prosecutor's conduct relating to the disqualification of Petitioner's first lawyer qualifies as misconduct, Petitioner has not demonstrated that the trial was so unfair that the resulting conviction violates

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

due process. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Petitioner has identified nothing about his trial that was unfair. Instead, he notes that his new lawyer stated, more than a month before trial, that he might not have time to prepare, and that his first lawyer was more experienced than the new lawyer. Neither of those facts reflects on the fairness of his trial.

### 3. Ineffective Assistance of Counsel Claim

Petitioner argues that his lawyer was constitutionally ineffective for four reasons: (a) for failing to present testimony from a forensic technician; (b) for failing to move to dismiss Petitioner's case on the ground that his right to a speedy trial had been violated; (c) for improperly obtaining evidence from Petitioner while he was in custody; and (d) for being generally ineffective.

#### (a) *Expert Testimony*

Petitioner has not established that it was objectively unreasonable to fail to call a forensic technician, or that the absence of one prejudiced his defense. The testimony of a forensic technician would have been duplicative of the evidence presented at trial. Moreover, in view of the victim's eyewitness identification of Petitioner, there is no reasonable probability that the testimony of a forensic technician would have altered the outcome of the proceeding.

#### (b) *Failure to Move for Dismissal*

As discussed above, Petitioner's right to a speedy trial was not violated. Because a motion to dismiss on that ground would have failed, the absence of such a motion did not prejudice Petitioner.

#### (c) *Improper Acceptance of Evidence*

Assuming that the first lawyer's acceptance of the fingernails was objectively unreasonable because of the conflict of interest that it created, Petitioner fails to identify how that error prejudiced his defense. He points to no specific deficiency in the trial that would have been cured by the first lawyer's presence, and none is obvious. Petitioner has not established that there is a reasonable probability that the outcome of the trial would have been different had the first lawyer represented him.

#### (d) *General Ineffectiveness*

Petitioner's claim that his lawyer was "generally ineffective" is not cognizable. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir.1995) (holding that conclusory suggestions of ineffective assistance of counsel "fall far short of stating a valid claim of constitutional violation").

AFFIRMED.